FEDERAL DEPOSIT INSURANCE CORPORATION,
in its capacity as Receiver of
Connecticut Bank of Commerce,
       -Plaintiff


    -v-                              CIVIL 3:05 CV 929(CFD)


WACHOVIA INSURANCE SERVICES, INC.,
       -Defendant

## RULING ON PLAINTIFF'S MOTION TO COMPEL

The plaintiff claims that defendant's response to certain interrogatories and requests for production are insufficient. The court's ruling with respect to the disputed discovery requests is as follows.

**A.**    **Interrogatories 1, 4, 5, 21 & 24**

Plaintiff's reply memorandum indicates that the parties have reached an agreement with respect to these interrogatories. (Dkt. # 63 at 3, 5, 7.) The defendant is **ORDERED** to respond to these interrogatories as agreed upon with the plaintiff within 15 days hereof.

**B.**    **Interrogatories 2 & 20**

Interrogatory 2 asked

[p]lease identify every person, including last known address and telephone number, you have interviewed or with whom you have met during the course of any investigation, evaluation consideration or work

concerning the facts and matters in the Complaint, describe the facts and maters within that person's knowledge, and identify any and all documents produced to you by said person.

(Dkt. #58 Ex. 5 at 6.)

Interrogatory 20 asked, "[p]lease identify all investigators, experts, and accountants, including last known addresses and telephone number whose services you have engaged in connection with the facts and matters in the Complaint and state their respective areas of expertise." (Dkt. #58 Ex. 1 at 8.)

The defendant appears concerned that it is being asked to disclose the opinions of non-testifying expert witnesses. (See Dkt. 4-5, 9.) The court does not read these interrogatories as requiring the disclosure of non-testifying expert opinions. The interrogatories call for a list of people, not their substantive opinions. The plaintiff is entitled to this list. To the extent that interrogatory 2 asks the defendant to "describe the facts and maters within that person's knowledge. . ." the court finds that the defendant can do so briefly. It would be unreasonably burdensome to require the defendant to supply what is in essence a "Cliff Notes" version of what a listed person would testify to at a deposition. However, it is fair to require the defendant to state briefly and generally what each witness knows about the facts and matters alleged in the complaint. If a listed individual is a non-testifying expert or consultant the defendant may state as such without further description. It is also not unreasonably

burdensome to require the defendant to list all of the documents that a particular listed individual turned over as a result of any investigation conducted in this case.

**C.    Interrogatory 3**

Interrogatory 3 asked,

[p]lease describe Wachovia's business relationships with MTB and CBC including, but not limited to, Wachovia's policies, procedures, and role in procuring insurance coverage for MTB and CBC from the beginning of such relationships though July 2002. Please provide details concerning the dates and circumstances surrounding the origin and continuation of the relationship throughout the time period.

(Dkt. #58 Ex. 5 at 7.)  Excluding objections, Wachovia's response was, "Wachovia, and its predecessors in interest, acted as MTB and CBC insurance broker and/or agent in assisting MTB and CBC in the procurement of various insurance policies."  (Id.)

The court finds that the defendant's response to this interrogatory is sufficient.  The first sentence of the interrogatory asks Wachovia to describe the business relationship.  Wachovia has done that.  The second sentence is so vague and broad that it is uncertain what answer would be sufficiently responsive.

**D.    Interrogatory 23**

The defendant is **ORDERED** to respond to this interrogatory within 15 days hereof.  The defendant may respond by referencing the "Market Conduct Record Retention and Production Model Regulation ("Model") dated February 27, 2003."  Defendant's answer

must reference which portions of the "Model" have been adopted by Wachovia. The defendant is further **ORDERED** to identify and produce any records retention policies it might possess from the date of the inception of its business relationship with CBC and MTB.

**E.    Interrogatories 6-19**[1]

The court has reviewed interrogatories 6-19 and the responses thereto. At the present time, the court finds that they are sufficient. However, the court further finds that the plaintiff is entitled to fuller, more detailed responses to these contention interrogatories closer to the end of fact discovery. Therefore, the defendant is **ORDERED** to serve on the plaintiff supplemental answers to interrogatories 6-19 no later than thirty days from the close of fact discovery. Fact discovery is currently set to close July 31, 2007.

**F.    Requests for Production**

The defendant asserts that "[a] supplemental response to plaintiff's demands will be forthcoming to plaintiff." The

---

[1]
Defendant's response to interrogatory 19 appears to be responding to some other interrogatory. According to Exhibit 5 to Docket # 58, plaintiff's interrogatory 19 asked "[p]lease state all facts which support your fourteenth affirmative defense, specifically that the Plaintiff's action is barred due to the doctrine of ratification." Aside from objections, defendant answered ". . . Wachovia has not retained any experts to date, but reserves the right to do so and will make such disclosure as required by the court." Because the answer is completely unresponsive, the defendant is **ORDERED** to serve on the defendant a revised answer to interrogatory 19 within 15 days hereof.

defendant is **ORDERED** to supplement its document production within 15 days hereof. To the extent that the document requests mirror the interrogatories discussed herein, the defendant is cautioned that its supplemental response to plaintiff's production requests should comport with the letter and spirit of this order.

## Conclusion

The plaintiff's motion to compel **(Dkt. #58)** is **GRANTED** in part and **DENIED** in part consistent with this ruling.

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 10th day of May, 2007.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**