UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**FEDERAL DEPOSIT INSURANCE**
**CORPORATION in its Capacity**
**as Receiver of CONNECTICUT**
**BANK OF COMMERCE, Stamford,**
**Connecticut,**
               -Plaintiff


       -v-                                          3:05 CV 929 (CFD)

**WACHOVIA INSURANCE SERVICES,**
**INC.,**
               -Defendant


**RULING ON PLAINTIFF'S MOTION**
**FOR PROTECTIVE ORDER (Dkt. #92)**

The pending motion is **GRANTED in part** and **DENIED in part**. To the extent that the plaintiff has agreed to make Rule 30(b)(6) deponents available to be examined regarding unobjected to topics or portions thereof, depositions may go forward. In all other respects, the protective order is granted and **the Rule 30(b)(6) notice is quashed**. (See Notice of Deposition, Dkt. #93, Exhibit 2). This ruling is without prejudice to Wachovia's significantly narrowing the number and scope of the topics on which it seeks to conduct an oral examination and trying once again.

**I.**

The plaintiff is prosecuting this contract and negligence action in its capacity as receiver of the failed Connecticut Bank of Commerce ("CBC"), a Stamford bank which acquired the MTB Bank ("MTB"), formerly of New York, on or about March 31, 2000. A substantial part of MTB's business had been receivables financing and factoring. Defendant Wachovia is being sued as the successor to an insurance agency or brokerage firm known as Tribus Spectrum. A key issue is whether Wachovia negligently, or in violation of a contract, failed to procure "fraudulent invoice coverage" that would have provided protection in the event that a borrower's invoices pledged as collateral for the factoring or receivables financing turned out to be false or fraudulent.

According to plaintiff, MTB repeatedly stressed to Wachovia the importance of having such coverage. In response to these specific requests, Wachovia successfully obtained such coverage for MTB, effective June 30, 1997, in the form of a financial institution bond issued by Lloyds of London. When CBC acquired MTB in March 2000, Wachovia caused the Lloyds bond to be amended to include CBC as a named insured. The Lloyds bond expired June 30, 2000, however, and Lloyds declined to renew it.

Plaintiff alleges that CBC timely instructed Wachovia to find the same coverage from another carrier. Wachovia, acting through its Senior Vice-President, Richard Alloca, and its Account

Executive, Inez Masucci, allegedly assured CBC that it had obtained from another insurer replacement coverage identical to that contained in the expiring Lloyds bond. What Wachovia procured for CBC, effective June 30, 2000, was a financial institution bond from Great American Insurance Company ("GAIC"). Plaintiff asserts that "[w]hen CBC received the bond, it relied on the assurances of Wachovia that the coverages contained in the GAIC bond were identical to those in the expiring Lloyds bond." (Dkt. #93 at 2)

In 2001, CBC allegedly discovered that two of its customers--Emily Stevens, Inc. and Knowledge Strategies, Inc.--had pledged false or fraudulent receivables as collateral. As a result, plaintiff alleges that CBC lost $3,264,801. When CBC made a claim under the GAIC bond for these losses, however, GAIC allegedly denied coverage on grounds that the bond did not cover fraudulent invoices. This lawsuit has been brought against Wachovia alleging that it is liable on contract and negligence theories for failing to procure the insurance coverage it undertook to obtain. On March 19, 2007, the magistrate judge ordered GAIC to produce documents to Wachovia (See Dkt. #71). These documents have not been produced to Wachovia due to the pendency of objections to the ruling. (See Dkt. #111 at 6, n. 5).

**II.**

The plaintiff in this case is the Federal Deposit Insurance

Corporation in its Capacity as Receiver for CBC. The distinction plaintiff draws between the FDIC as a Receiver and the FDIC as a corporate regulator is a valid one. Federal Deposit Ins. Corp. v. Bernstein, 944 F.2d 101, 106 (2d Cir. 1991). It is not, as Wachovia suggests, merely a ruse to obstruct discovery. (Wachovia's Memorandum Dkt. #102 at 4). The distinction pertains not just to liability, but to the *reasonableness* of the deposition notice at issue. The FDIC as Receiver is not the same thing as the FDIC Corporate, and cannot be transformed into it by a Rule 30(b)(6) notice. Nor is the plaintiff the Department of Justice or any other agency or entity of the federal government.

The following argument from its memorandum illustrates the intended sweep of Wachovia's twenty-seven deposition topics and eleven categories of document requests:

> *Wachovia concedes that the FDIC may not be privy to all activities by all branches of the government, but it is disingenuous to claim that different governmental entities may not be working in conjunction with each other in handling issues arising from the activities of CBC.* Certainly this would be an example of government waste if such interaction was not taking place.

(Dkt. #102)(emphasis added). In reality, the plaintiff in this case is simply the FDIC in its Capacity as Receiver. If Wachovia reformulates its Rule 30(b)(6) notice, it must keep this distinction in mind.

That the plaintiff had no involvement with CBC before its

failure does not, standing alone, relieve it of its obligation to designate a Rule 30(b)(6) deponent.  The plaintiff appears to acknowledge this.  In any event, the court finds the following comments of Judge Leisure in S.E.C. v. Morelli, 143 F.R.D. 42 (S.D.N.Y. 1992) to be authoritative on this point:

> The first basis for plaintiff's motion for a protective order is its assertion that is only intended to apply "to actions in which a governmental agency or someone in its employ has participated in the transactions or events in controversy or has actual knowledge of facts or information relevant to the action." Memorandum of Law in Support of Plaintiff's Motion for Protective Order ("Plaintiff's Motion"), at 6; Reply Memorandum of Law in Support of Plaintiff's Motion for Protective Order ("Plaintiff's Reply"), at 3 ("if the organization lacks firsthand knowledge of the matters on which examination is requested, then the examination is not within the scope of [Rule 30(b)(6) ]"). However, prior cases have not construed Rule 30(b)(6) so narrowly.
> For example, in Butcher, supra, 116 F.R.D. at 201, the FDIC was required to produce a deponent who was adequately prepared for the deposition, even though it had not participated in the underlying loan transactions on which the litigation focused. *See also* Martin v. Valley National Bank of Arizona, 140 F.R.D. 291, 315 (S.D.N.Y. 1991) (Dolinger, Mag. J.) (allowing deposition of Secretary of Labor). Moreover, the focus on adequate *preparation* of the Rule 30(b)(6) deponent in Mitsui & Co., supra, 93 F.R.D. at 67, and Maker, supra, 125 F.R.D. at 126, undermines plaintiff's assertion that firsthand knowledge and involvement in the underlying transaction is required for a Rule 30(b)(6) deposition. *See also* Ierandi v. Lorillard, Inc., 1991 WL 158911 U.S.Dist. LEXIS 11887 (E.D.Pa. August 20, 1991) (requiring corporation to prepare designee for deposition despite absence of corporate

employee with personal knowledge of relevant events).

Id. at 45.

As plaintiff correctly points out, however, its lack of pre-failure involvement with CBC does bear upon the reasonableness of the scope of the discovery that has been requested by Wachovia. The court in Resolution Trust Co. v. H.R. "Bum" Bright, No. 3-92-CV-995-S, slip op. (N.D. Tex. Mar. 31, 1993)(Sanderson, M.J.)(unpublished opinion attached to Dkt. #93 as Exhibit 3) explains this equation.

> [A]s the scope of the subject matters to be explored at deposition becomes broader the difficulty and burdensomeness of the contemplated discovery increases.
> The time and effort required to "educate" a designated representative, who has no first-hand knowledge of the area of inquiry is directly proportional to the breadth of the designated subject matters . . . .
> [T]he expenditure of time . . . increases as the areas of inquiry multiply.
> An examination of . . . [the] deposition notice . . . reflects that it is probably as broad in scope as could be devised, and this factor weighs heavily in favor of granting the relief sought.
> A second factor . . . is whether the discovery may be obtained by less burdensome means . . . . Defendants are free to serve RTC with interrogatories, document requests, and to interview persons who have been identified as having factual knowledge. . . .

Id. at 2-4.

In the present case, it is difficult to imagine how Wachovia's Rule 30(b)(6) notice could be more broadly drawn. Taken literally,

-6-

it extends beyond the plaintiff to FDIC Corporate, and virtually the entire federal government.  It then seeks to burden the plaintiff with educating representatives with respect to twenty-seven areas of inquiry (many of which are open ended) and with producing thirteen different categories of documents, many of which are of marginal, tangential, or dubious relevance. On balance, plaintiff is correct that to enforce this deposition notice would be "abusive."

As a general proposition, whether something is discoverable under Fed. R. Civ. P. 26 is determined under a different, broader standard than that used to determine admissibility at trial. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidnce. Fed. R. Civ. P. 26(b)(1).  Thus courts normally allow discovery "to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991)(quoting Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351 (1978)).  But there are limits to discovery and the ways in which parties may use particular discovery tools.  To enforce the instant notice would exceed these limits. A protective order quashing the notice is therefore appropriate. See Fed. R. Civ. P. 26(b)(2); In re Priceline.Com Inc. Securities Litigation, 2005 WL 1366450 *1,

(D.Conn. June 7, 2005); Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002).

Rule 26(b)(2)(C)provides that discovery shall be limited by the court if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

On the present record it appears that a protective order is appropriate under *each* of the subsections of this rule.

The court notes that considerable discovery has already occurred in this case, including the depositions of numerous witnesses who have first-hand information, and the production of thousands of documents by the plaintiff. Plaintiff represents that it has already produced to Wachovia all existing relevant, non-privileged evidence. (Dkt. #111 at 1) It has also represented "[t]here is no unprotected information that can be gleaned from Plaintiff's testimony beyond the documents that have already been produced to Wachovia." (Id. at 2) There is no evidence to support Wachovia's intimation that the plaintiff has improperly withheld documents. Nor is there evidence that the plaintiff is

improperly attempting to "hide the ball" from Wachovia with respect to evidence that is legitimately discoverable. (Dkt. #102 at 6)

The court further accepts plaintiff's representations that "no individual currently employed by the FDIC as Receiver has any first-hand knowledge of CBC's pre-failure operation." (Dkt. #93 at 9)  The court also credits plaintiff's further representations that none of its current employees worked at, or were associated with, CBC prior to its failure.  That the plaintiff may have voluntarily produced some documents of FDIC Corporate in an effort to cooperate with Wachovia should not operate to plaintiff's prejudice or otherwise open the door to the open-ended oral interrogation that Wachovia seeks under its Rule 30(b)(6) notice.

It fairly appears that other sources of discovery are available to Wachovia, including documents that have been produced by the plaintiff and the documents that the magistrate judge ordered GAIC to turn over to Wachovia in his twelve page discovery ruling and order of March 19, 2007. (Dkt. #71)  As drafted, much of Wachovia's notice seeks to depose the plaintiff about matters that are not "known or reasonably available" to plaintiff within the contemplation of Rule 30(b)(6).  In this regard, the court notes people such as Randolph Lenz and David Clapman are equally available to Wachovia.  If fact, Wachovia has filed an eleventh hour motion for leave to take Lenz's deposition, which may be

granted subject to the limitations noted in the ruling on that motion.

There is also substantial merit to plaintiff's objection on work product grounds. In this regard Judge Leisure's observations in Morelli, supra 143 F.R.D. at 46-47 are also instructive. Wachovia's argument that the plaintiff is attempting to "convert every activity it has conducted concerning loss mitigation into attorney work product" is not meritorious. Rather, the court finds that the instant Rule 30(b)(6) notice in large part appears calculated to discover properly protected opinions, mental impressions, and strategy of plaintiff's counsel. On this record, Wachovia has not made a showing sufficient to overcome the immunity that is accorded ordinary work product, much less the heightened protection that is given to opinions, mental impressions, and strategies of counsel.

Since Wachovia must reformulate its proposed deposition topics for the reasons previously discussed, there is no need for the undersigned to further protract this opinion by addressing on an item-by-item basis each of the topics called into question by the pending motion. The court declines to redraft Wachovia's Rule 30(b)(6) notice, for to do so would effectively deprive the plaintiff of its opportunity to object to the reformulated requests, as well as impinge on its right under Local Rule 37(a) to confer with opposing counsel and "discuss[] the discovery issues

between them in detail in a good faith effort to eliminate or reduce the area of controversy. . . ." Local Rule 37(a).

The motion for a protective order is **GRANTED**.

**Dated at Hartford, Connecticut, this 27th day of August, 2007.**

                                    /s/ TPS_____
                                    **Thomas P. Smith**
                                    **United States Magistrate Judge**